EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
SYLVIE P. SNYDER, State Bar No. 171187
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2299
Fax: (619) 645-2581
Email: Sylvie.Snyder@doj.ca.gov

Attorneys for Defendants V. Sosa and C. Wilson

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LANCE R. HENSLEE,**<br>Plaintiff,<br>**v.**<br>**C. WILSON, et al.,**<br>Defendants. | 08-CV-01015 IEG LSP<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS**<br><br>Hearing: October 16, 2008<br>Time: 2:00 p.m.<br>Courtroom: H<br>Judge: The Honorable Louisa S. Porter<br>NO ORAL ARGUMENT PER COURT |

**TO LANCE R. HENSLEE, PLAINTIFF PRO SE:**

Please take notice that on October 16, 2008, at 2:00 p.m., in the above-referenced court, located at 940 Front Street, San Diego, California, 92101, Defendants V. Sosa and C. Wilson will move the Court for an order dismissing Plaintiff's Complaint.

The motion is made under Federal Rule of Civil Procedure 12(b)(6) on the ground Plaintiff fails to state a claim for which relief may be granted.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support, and such other matters as the Court deems appropriate.

Dated: August 20, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

MICHELLE DES JARDINS
Supervising Deputy Attorney General

s/ Sylvie P. Snyder

SYLVIE P. SNYDER
Deputy Attorney General
Attorneys for Defendants

70133610.wpd
SD2008700621

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Henslee, Lance R. v. C. Wilson, et al.**

No.: **08-CV-01015 IEG LSP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 20, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Lance R. Henslee
T-93490
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127
In Pro Per
T-93490

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 20, 2008, at San Diego, California.

| | |
|---|---|
| Laura Ruiz | Laura Ruiz |
| Declarant | Signature |

80274017.wpd

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
SYLVIE P. SNYDER, State Bar No. 171187
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2299
Fax: (619) 645-2581
Email: Sylvie.Snyder@doj.ca.gov

Attorneys for Defendants V. Sosa and C. Wilson

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LANCE R. HENSLEE,**<br><br>Plaintiff,<br><br>**v.**<br><br>**C. WILSON, et al.,**<br><br>Defendants. | 08-CV-01015 IEG LSP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS**<br><br>Hearing: October 16, 2008<br>Time: 2:00 p.m.<br>Courtroom: H<br>Judge: The Honorable Louisa S. Porter |

**I**

**INTRODUCTION**

Plaintiff Lance R. Henslee, proceeding pro se, is a California prison inmate currently incarcerated at High Desert State Prison, Susanville, California. He complains that on August 13, 2007, his civil rights under 42 U.S.C. § 1983 were violated while he was housed at RJ Donovan State Prison, San Diego. Plaintiff alleges claims under the Eighth Amendment for failure to protect and for excessive force.

Plaintiff alleges, with speculative and conclusory allegations, that Defendants forced him into a "gladiator" type fight with his cell mate. Plaintiff, however, admits no fight occurred. At worst, the back of Plaintiff's head and body were pepper sprayed in response to Plaintiff pinning his handcuffed cell mate against the door so that his cell mate could not have his handcuffs removed. Plaintiff simply does not state an Eighth Amendment claim.

**II**

**PLAINTIFF'S ALLEGATIONS**

Plaintiff, generally, and as a conclusion, alleges that on August 13, 2007, between 3:45 p.m. and 4:15 p.m., while housed in Administrative Segregation, Defendants Correctional Officer Wilson and Sergeant Sosa staged and supervised a "gladiator type" fight between Plaintiff and his cell mate, inmate Ledgerwood. (Complaint p. 3.)

More specifically, Plaintiff alleges that on August 13, 2007, he called a correctional officer to his cell at 3:30 p.m. and reported that he had been threatened by his cell mate, inmate Ledgerwood, and that he feared there would be violence if Ledgerwood was put back in his cell. (*Id.*) Approximately five minutes later, Defendant Sergeant Sosa came to Plaintiff's cell, and Plaintiff allegedly told Sergeant Sosa that Ledgerwood was acting bizarre and had seriously threatened Plaintiff, that Plaintiff did not feel safe, that Plaintiff did not want Ledgerwood put back in his cell, and to rehouse Ledgerwood. (*Id.*) Sergeant Sosa alleged verbally agreed to move inmate Ledgerwood, and stated he would have Ledgerwood placed in a cage until he was rehoused. (*Id.*) Plaintiff alleges this was to avoid a fight. (*Id.*)

Approximately fifteen minutes later Defendant Correctional Officer Wilson allegedly brought inmate Ledgerwood into the building, and stopped to speak with Defendant Sergeant Sosa. (*Id.*) While they were speaking, Wilson allegedly shook his head no several times, and looked up at Plaintiff's cell door. (*Id.*) Wilson allegedly forcibly marched inmate Ledgerwood to the cell. (*Id.*) Plaintiff allegedly told Wilson, "No, he could not put [Ledgerwood] back in [Plaintiff's] cell[.] [T]here would be a serious fight and violence." (*Id.*) Wilson allegedly told Plaintiff to go to the back of his cell or Wilson would come into the cell himself and they would fight. (*Id.*)

Wilson then allegedly motioned the tower guard to open the cell door. (*Id.*) Plaintiff, who was not handcuffed, allegedly stood in the middle of the cell telling Wilson not to put inmate Ledgerwood in the cell. (*Id.*) Wilson allegedly again told Plaintiff to go to the back of the cell and sit down. (*Id.* pp. 3-3a.) Wilson allegedly physically forced inmate Ledgerwood, who was handcuffed, into the cell, and had the tower guard close the cell door. (*Id.* p. 3a.) Wilson allegedly stood at the cell window watching to see Plaintiff and Ledgerwood fight. (*Id.*)

Because Plaintiff feared a violent fight would ensue when Ledgerwood's handcuffs were removed, Plaintiff immediately pinned Ledgerwood in the doorway to prevent Ledgerwood from putting his hands up to the cell door port to have his cuffs removed. (*Id.*) Plaintiff did this because he feared for his safety and did not want to fight or be attacked. (*Id.*) Wilson allegedly became angry when Plaintiff neither attacked inmate Ledgerwood, nor let Wilson remove Ledgerwood's handcuffs. (*Id.*)

Wilson allegedly told the tower guard to open the cell door, then pulled Ledgerwood out of the cell. (*Id.*) Plaintiff was allegedly at the back of the cell to give Wilson room to pull inmate Ledgerwood out. (*Id.*) Wilson then allegedly sprayed Plaintiff in the back of the head and body heavily with pepper spray. (*Id.*) Plaintiff alleges there was "no cause" for Wilson to spray him; that this was done to punish him out of anger. (*Id.*) Wilson allegedly informed Plaintiff he would be written up for battery on an inmate. (*Id.*)

Sergeant Sosa and several staff members allegedly stood in the middle of the day room and watched the entire incident. (*Id.*)

Plaintiff alleges Correctional Officer Wilson came back to Plaintiff's cell door and threatened neighboring inmates loudly against being a witness on Plaintiff's behalf "or they would get the same or worse." Wilson allegedly threatened Plaintiff against filing a complaint saying things would get a lot worse. (*Id.*) That night Wilson allegedly brought Plaintiff a reduced/modified meal tray with most of the food removed, asking Plaintiff how he liked the "diet tray." Wilson then allegedly came to Plaintiff's door holding a letter saying he was sending the letter back to the mailroom, and that Plaintiff would not be receiving anything while Wilson was working. (*Id.*)

Sergeant Sosa allegedly told Plaintiff he had made a big mistake and he wished he had not let it happen. (*Id.*)

**III**

**LEGAL STANDARD FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (internal quotations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true..." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

The Court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Where a person appears in propria persona in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, courts "may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*

*of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.1997). Additionally, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

Courts must give pro se litigants leave to amend the complaint "unless it determines the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Finally, before a pro se litigant's complaint may be dismissed, the court must provide the plaintiff with a statement of the deficiencies in the complaint. *Karim-Panahi*, 839 F.2d at 623.

## IV

## PLAINTIFF DOES NOT STATE AN EIGHTH AMENDMENT CLAIM

### 1. Eighth Amendment Claim - Failure to Protect

To support an Eighth Amendment failure to protect claim, Plaintiff must allege facts showing Defendants displayed a "deliberate indifference" to an excessive risk to the prisoner's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There are two elements of deliberate indifference: 1) a deprivation that was objectively sufficiently serious resulting in the denial of "the minimal civilized measure of life's necessities," and; 2) defendant knew of, and disregarded, an excessive risk to the prisoner's safety. *Id.* at 834, 837. It is not enough to show Defendant should have known of the risk; actual notice on the part of the prison official is required to show deliberate indifference. *Id.* at 837-838 and 843 n. 8. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* Before being required to take action, the official must have more than a "mere suspicion" that an attack upon an inmate will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

### 2. Eighth Amendment Claim - Excessive Force

The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U. S. 312, 319 (1986). To prove

the use of excessive force in violation of the Eighth Amendment, it is necessary for the inmate to demonstrate the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 4-5,7 (1992) (quotation omitted).

The court in *Hudson v. McMilliam*, 503 U.S. 1, analyzed the use of force to keep order as follows:

> Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Both situations may require prison officials to act quickly and decisively. ...we hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley:* whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson v. McMilliam*, 503 U.S. 1, 6 (internal quotes omitted; emphasis added).

In evaluating whether force is appropriate, a court may consider the following factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

An Eighth Amendment claim requires deliberate indifference which requires a purposeful act or failure to act and resulting harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

**3. Plaintiff Fails to State an Eighth Amendment Failure to Protect Claim Against Defendant Sosa or Wilson.**

Plaintiff complained he had been threatened by his cell mate. The cell mate was removed. Plaintiff then allegedly told Defendant Sergeant Sosa his cell mate had been acting bizarre, had seriously threatened him, and Plaintiff feared there would be violence if his cell mate was put back in his cell. Plaintiff then dictated that his cell mate should be re-housed. About 15 minutes later, Correctional Officer Wilson brought Plaintiff's cell mate back into the building, spoke with

Sosa, then put the cell mate back into Plaintiff's cell over Plaintiff's protests while Sosa watched from the middle of the day room. While the cell mate was still handcuffed, Plaintiff pinned the cell mate against the door so the cell mate could not put his hands up to the port to be uncuffed. Wilson, then allegedly told the guard to open the cell door, pulled the cell mate out and pepper sprayed the back of Plaintiff's head and body. (Complaint pp. 3-3a.)

Here, Plaintiff was not attacked by his cell mate. Thus, neither Sosa nor Wilson failed to protect Plaintiff from an attack that did not occur.[1/] A plaintiff in a section 1983 case, as in any constitutional tort, must allege that the defendant's actions caused him some injury. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)*; see also* Ninth Circuit Model Jury Instruction 9.24 (stating a plaintiff must prove the acts of the defendants caused him harm in order to succeed on an Eighth Amendment excessive force claim). Without any alleged ongoing conduct which might merit injunctive relief, it would not make sense for an inmate to be able to state a claim for an attack he though might occur, but never did - even if the failed attack is couched in terms of a failed attempt at instigating a "gladiator type" fight.

The only additional potential claim for failure to protect is against Sosa regarding Wilson pepper spraying Plaintiff. As is discussed in the next section, that action did not amount to an Eighth Amendment violation so there was no obligation for Sosa to protect Plaintiff from conduct which did not violate the Eighth Amendment. Even if the conduct violated the Eighth Amendment, Sosa would have no liability because there are no facts indicating Sosa had "actual notice" Wilson was going to pepper spray Plaintiff. As alleged, the pepper spraying was a reaction by Wilson to Plaintiff pinning the cell mate against the door.

---

1. In *Farmer v. Brennan*, 511 U.S. 825, 845-47, the court noted an inmate need not wait for an attack to occur before obtaining relief. This, however, applies to injunctive relief where the plaintiff can "come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of [the hearing], knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future."

Here, Plaintiff does not seek injunctive relief.

Sosa should be dismissed from Plaintiff's Complaint, and Wilson should be dismissed from the Eighth Amendment failure to protect claim.

**3. Plaintiff Fails to State an Eighth Amendment Excessive Force Claim**

Plaintiff alleges that after Plaintiff pinned his cell mate against the doorway to prevent Correctional Officer Wilson from taking off the cell mate's handcuffs through the cell door port, Wilson pulled the cell mate out of the cell, then pepper sprayed Plaintiff, who was in the back of his cell, in the back of the head and body. Plaintiff further alleges Wilson threatened Plaintiff against filing a complaint saying things would get worse, and that night Wilson brought Plaintiff a food tray with most of the food removed and sent a letter addressed to Plaintiff back to the mail room instead of giving it to Plaintiff. (Complaint p. 3a.)

**a. The Force Was Not Applied Maliciously and Sadistically for the purpose of inflicting pain**

Plaintiff admits he pinned his handcuffed cell mate against the doorway, and that Wilson pepper sprayed Plaintiff in the process of removing the cell mate from the cell. If Wilson was intent on inflicting pain, he would have sprayed Plaintiff in the face with the pepper spray, not the back of his head.

In considering the *Whitley* factors set forth above in light of Plaintiff's allegations, Plaintiff alleges Wilson did not need to use force because Plaintiff was at the back of his cell, but admits he had pinned his handcuffed cell mate against the doorway. The force used was mild in that Wilson did not spray Plaintiff in the face, and did not inflict injury. Here, Plaintiff fails to allege a use of force which constitutes cruel and unusual punishment.

**b. The Alleged Force Was *De Minimis***

Not every malevolent touch by a correctional officer gives rise to a federal cause of action. *See Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973) ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical

force, provided that the use of force is not of a sort ‘repugnant to the conscience of mankind.’ [Citations.].” *Hudson v. McMilliam*, 503 U.S. 1, 9-10 (1992) (internal quotation marks omitted).

In analyzing whether a physical injury was *de minimis* for purpose of applying 42 U. S.C. section 1997e(e) [which requires physical injury for claims of emotional distress], the court in *Oliver v. Keller*, 289 F.3d 623, 625 (9th Cir. 2002) found that severe back and leg pain and being chilled to the bone were *de minimis*, and in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), the court found a sore ear and bruising for three days *de minimus*.

Here, all of the conduct alleged by Wilson resulted in *de mininis* injury. Plaintiff was allegedly pepper sprayed on the back of his head and body resulting in no alleged injury. Plaintiff allegedly got only a very limited meal, but only once. On one occasion Plaintiff’s mail was delayed because Wilson allegedly sent a letter addressed to Plaintiff back to the mailroom. None of these injuries are more than *de mimimis*, nor are they the sort which are “repugnant to the conscience of mankind.” As to the alleged threat, “‘[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. §§ 1983.’” *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) The Eighth Amendment excessive force claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint.

Dated: August 20, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

MICHELLE DES JARDINS
Supervising Deputy Attorney General

s/ Sylvie P. Snyder

SYLVIE P. SNYDER
Deputy Attorney General
Attorneys for Defendants