**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LANCE R. HENSLEE,

Plaintiff,

vs.

C. WILSON; V. SOSA; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3,

Defendant.

CASE NO. 08cv1015 - IEG - LSP

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. NO. 19)

In his First Amended Complaint ("FAC"), plaintiff makes three claims: (1) an Eighth Amendment claim for failure to protect; (2) an Eighth Amendment claim for excessive force; and (3) a First Amendment claim for retaliation. Presently, defendants Wilson and Sosa filed a motion to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition and the Court took this matter under submission without oral argument.

**BACKGROUND**

Plaintiff's alleges the following facts. On August 13, 2007, while alone in his cell, plaintiff called Officer Newsham and reported that his cellmate had threatened him. Approximately five minutes later, Defendant Sergeant Sosa approached plaintiff's cell and asked him about the problem. Plaintiff reiterated his concern and asked Sergeant Sosa to remove the cellmate because he was "acting bizarre" and had threatened him. (FAC ¶ 6.) Sergeant Sosa stated he would have plaintiff's cellmate placed in a holding cage upon his return, where he would remain until he was rehoused.

Approximately fifteen minutes later, plaintiff saw defendant Correctional Officer Wilson escorting plaintiff's handcuffed cellmate into the housing unit. Officer Wilson stopped to talk with Sergeant Sosa, shook his head "no" several times, and looked at plaintiff's cell door. Officer Wilson grabbed plaintiff's cellmate and walked him over to the cell while Sergeant Sosa and four other officers watched from their posts. When they reached the cell door, Officer Wilson told plaintiff to "cuff-up." (FAC ¶16.) In response, plaintiff informed Officer Wilson of his prior conversation with Sergeant Sosa and voiced his concern the cellmate's return would spark serious violence. Officer Wilson told plaintiff to go to the back of the cell or Wilson would enter the cell to fight.

Plaintiff, uncuffed, walked to the back of the cell and Officer Wilson motioned the tower officer to open the cell door. As the cell door opened, plaintiff again asked Officer Wilson not to put his cellmate back in the cell. Officer Wilson told plaintiff to go to the back of the cell and sit down. Officer Wilson maneuvered plaintiff's cellmate into the cell and told the tower to close the door.

Fearing for his safety, plaintiff waited until the door was closed and then immediately pinned his cellmate to the door to prevent Officer Wilson from removing his handcuffs through the food tray port. Officer Wilson asked the tower officer to open the door. As the cell door was opening, plaintiff released his cellmate and returned to the rear of the cell. Officer Wilson removed the cellmate, sprayed plaintiff with pepper-spray, and informed plaintiff of his intention to write plaintiff up for battery of an inmate. Officer Wilson took the cellmate to a holding cage, where the cellmate was kept until he was rehoused.

Officer Wilson returned and verbally threatened neighboring inmates against being witnesses for plaintiff. Thereafter, Officer Wilson allegedly threatened plaintiff against filing a complaint or "things could get a lot worse if [plaintiff] pursued the matter." (FAC ¶ 39.) While passing out dinner trays that evening, Officer Wilson allegedly removed most of the food from plaintiff's tray and asked plaintiff how he liked the "diet tray." (FAC ¶ 40.) Officer Wilson then came to plaintiff's cell door holding a letter and told plaintiff "he was sending [plaintiff's] letter back to the mailroom and that [plaintiff] would not be receiving anything while he was working." (FAC ¶ 41.)

Sergeant Sosa allegedly told plaintiff he had made a big mistake and wished he had not let it happen. Plaintiff filed a staff complaint against Sergeant Sosa and Officer Wilson on August 14,

2007.

**LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007). The court's review is limited to the contents of the complaint and must accept all factual allegations pled in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). In spite of this deference, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

**A. Failure to Protect Claim**

Plaintiff makes two failure to protect claims. First, Sergeant Sosa and Officer Wilson allegedly failed to protect plaintiff from a potential attack by his cellmate. Second, Sergeant Sosa allegedly failed to protect plaintiff from the pepper-spraying by Officer Wilson. Defendants argue plaintiff's first claim fails because he was never attacked. Defendants argue plaintiff's second claim fails because the complaint does not allege Sergeant Sosa could anticipate or prevent the spraying.

A prisoner can maintain a Eighth Amendment failure to protect claim against prison officials only if he meets two requirements: (1) objectively, the deprivation alleged is sufficiently serious resulting in the denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the prison official is deliberately indifferent to inmate safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In this context, a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Under this standard, a prison official must have a

"sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834. Additionally, a plaintiff bringing a section 1983 claim must allege defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Regarding the failure to protect from his cellmate claim, the Seventh Circuit case Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996) is persuasive. The Seventh Circuit considered whether an inmate "who was not assaulted by, and who is no longer at risk from, fellow inmates may nevertheless maintain a . . . claim for money damages based solely on prison officials' past failure to take measure to protect the prisoner . . .." Id. In Babcock, the plaintiff was threatened by members of the Mexican Mafia, but never physically attacked. Id. The court concluded, "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Id. at 272 (internal citation omitted).

In the present case, plaintiff does not allege he was attacked by the cellmate. Plaintiff asked Sergeant Sosa to separate him from his cellmate, who was acting bizarrely and making threats. Sergeant Sosa removed the cellmate but Officer Wilson returned the cellmate to plaintiff's cell. While the cellmate was still handcuffed, plaintiff pinned the cellmate against the door to prevent Officer Wilson from uncuffing him. Officer Wilson asked the tower officer to open the cell, removed the cellmate, and pepper-sprayed plaintiff. The cellmate was rehoused. At no point did plaintiff suffer a "reasonably preventable assault" and his fear of the potential assault does not give rise to a compensable Eighth Amendment claim.

Additionally, plaintiff failed to adequately allege Sergeant Sosa failed to protect him from Officer Wilson. Plaintiff has not alleged Sergeant Sosa knew of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Further, plaintiff has not alleged Sergeant Sosa was in a position to prevent the alleged attack. Lacking this allegation of deliberate indifference, plaintiff's claim fails.

**B. Excessive Force Claim**

The unnecessary and wanton infliction of pain violates the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For excessive force claims, plaintiff must allege the officers applied the force "maliciously or sadistically" and not "in a good-faith effort to maintain

or restore discipline." Id. at 7. To determine whether this standard is met, courts consider five factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the perceived threat; (4) efforts to temper the severity of the response to the threat; (5) and the extent of injury inflicted. Hudson, 503 U.S. at 7; Whitley v. Albers, 475 U.S. 312, 321 (1986).

Weighing the five factors, the Court finds the pepper spraying was a good-faith effort to maintain or restore discipline. First, Officer Wilson needed to apply force because plaintiff was assaulting a fellow inmate, the fellow inmate was handcuffed, and plaintiff refused to follow orders. Second, pepper spray is a painful but proportional response to a physically assault. Third, the perceived threat was the danger of an unrestrained inmate accosting a handcuffed prisoner. Fourth, it is unclear if Officer Wilson attempted to temper the severity of the response to the threat. Fifth, plaintiff alleges a temporary burning sensation affecting his eyes and skin, but no lasting damage. Under these factors, plaintiff fails to allege a malicious or sadistic application of force. Therefore, the Court dismisses plaintiff's excessive force claim.

C. **First Amendment Retaliation Claim**

Of fundamental import is a prisoner's First Amendment right to "pursue civil rights litigation in the courts." Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995). "The prohibition against retaliatory punishment is 'clearly established law.'" Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Within the prison context, a First Amendment retaliation claim entails five basic elements: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The proper inquiry is "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Id. at 568 (quoting Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

In the present case, plaintiff has adequately alleged a retaliation intended to chill his access to the administrative process or the courts. Plaintiff has alleged (1) Officer Wilson threatened plaintiff after the incident and later removed the majority of food from plaintiff's dinner tray, (2) because of (3) plaintiff's right to court access. Further, (4) deprivation of food would chill the speech of a person

of ordinary firmness and (5) this alleged deprivation had no reasonable correctional goal other than chilling of speech. Accordingly, plaintiff may maintain his First Amendment Retaliation Claim.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE plaintiff's Eighth Amendment failure to protect claim and his Eighth Amendment excessive force claim. However, the Court DENIES defendants' motion to dismiss plaintiff's retaliation claim. Plaintiff may amend his complaint to cure the noted deficiencies within 28 days of the filing of this order. If Plaintiff chooses to amend, he must reallege all claims against all defendants or they will be waived.

**IT IS SO ORDERED.**

DATED: February 5, 2009

IRMA E. GONZALEZ, Chief Judge
United States District Court